UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RICHARD P. WASHBURN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-346 |
| § | |
| DR. FRANCIS J. HARVEY, § | |
| SECRETARY OF THE ARMY, § | |
| § | |
| Defendant. § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Richard Washburn ("Plaintiff") brings this action against Defendant Dr. Francis J. Harvey, Secretary of the Army ("Defendant") alleging that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating on the basis of disability and by retaliating against him.[1] Now before the Court is Defendant's Motion for Summary Judgment. After careful thought and considerable deliberation, the Court concludes that Defendant's Motion must be **GRANTED** for the reasons articulated below.

### I. Procedural Background

This case was filed on June 7, 2005. Defendant's Motion for Summary Judgment was filed on May 1, 2006. On May 5, 2006, this case was administratively closed after a settlement was announced to the Court. While the case was closed, Plaintiff attempted to file a Response to Defendant's Motion. However, since the case was closed at that time, his Response was stricken.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Since that time, it has come to the Court's attention that the Parties were ultimately unable to settle this controversy. Accordingly, the Court **REOPENS** this case and **VACATES** the Order Striking Plaintiff's Response entered on July 10, 2006. The Court has considered Defendant's Motion and Plaintiff's Response and finds that Defendant's Motion should be **GRANTED**, and all of Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

**II.  Background**

Plaintiff was a appraiser with the Real Estate Department for the Army Corps of Engineers ("USACE") in Galveston, Texas. As an appraiser, Plaintiff conducted property appraisals, but he was not authorized to review appraisals of other members of the staff since he did not have a General State Certification as a General Appraiser. An appraiser who is authorized to review appraisals is known as a Review Appraiser.

Plaintiff's supervisor, Richard Harrison, the Chief of Real Estate in Galveston, encouraged Plaintiff to obtain state certification so that he could be promoted should a position become available. Such promotion would take Plaintiff from the GS-11 pay grade to the GS-12 pay grade. Plaintiff attempted and failed the Certification test. He never retook the test. In 2002, both Review Appraisers in the Galveston USACE office retired. Plaintiff was promoted on a temporary basis, but Randy Richardson was ultimately appointed as the Acting Branch Chief of the Appraisal/Planning and Control Branch. Mr. Richardson, who is a planner rather than a Review Appraiser, is still the Acting Branch Chief. Mr. Richardson's title change was not considered a promotion because he was already a GS-12 employee and remained in that pay grade after his title change. Since there are currently no Review Appraisers in the office, an employee from another District must be used to review appraisals.

Plaintiff was diagnosed in late 2002 or early 2003 with cancer of the jaw. He required extensive surgery and could not return to work because of the risk of exposure to infection. USACE

allowed him to work from home on a full-time basis. He worked at home for over two years before announcing his retirement. It was during this period of telecommuting that Plaintiff was denied the promotion to Branch Chief. Plaintiff now alleges that he was denied the promotion because he was disabled and because he had previously filed an unrelated case against USACE.

### III. Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

### IV. Analysis

Retaliation and discrimination claims are both governed by the burden-shifting framework initially set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358 (5th Cir. 2004); *Roberson v. Alltel Information Services*, 373 F.3d 647 (5th Cir. 2004). To succeed on either

claim, Plaintiff must first establish a *prima facie* case of unlawful discrimination and/or retaliation. *Id.* If Plaintiff proves her *prima facie* case, the burden shifts to Defendant to articulate a legitimate, non-retaliatory or non-discriminatory reason for Plaintiff's demotion. *Id.* If Defendant is able to offer such, the burden shifts back to Plaintiff to prove that the articulated reason is mere pretext for unlawful retaliation or discrimination. *Id.*

**1. Retaliation**

To establish a *prima facie* case for unlawful retaliation, Plaintiff must prove that: (1) she engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) there is a causal link between the protected activity and the adverse employment action. *See Long v. Eastfield Coll.*, 88 F.3d 300 (5th Cir. 1996).

According to Title VII, an employee has engaged in protected activity if he has "opposed any practice made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Plaintiff's initial lawsuit against USACE is protected activity, and Plaintiff satisfies the first prong of the test.

Plaintiff argues that his denial of a promotion was the adverse employment action. Defendant responds that Plaintiff never actually applied for the job in question, a fact which the Court cannot confirm or deny through examination of the Summary Judgment evidence. Viewing all evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has shown that an adverse employment action occurred.

However, Plaintiff's *prima facie* case fails because he cannot prove a causal connection between his lawsuit and his subsequent denial of a promotion. He has presented absolutely **no** evidence that his lawsuit was a cause of the denial of the promotion other than the fact that one

followed the other. Simply asserting causation is not enough. There must be more. Since no more has been alleged, Plaintiff, as a matter of law, cannot prove the third element of his *prima facie* case.

**2. Discrimination**

To establish a *prima facie* claim for a failure to promote based on discrimination, Plaintiff must establish that: (1) he belongs to a protected group under Title VII; (2) he applied for and was qualified for the position sought; (3) he was not promoted; and (4) his employer promoted an employee who was not a member of the protected class. *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316-17 (5th Cir. 2004). Plaintiff cannot meet the second and fourth prongs as outlined above.

Plaintiff simply cannot prove that he was qualified for the position to which he sought to be promoted. Plaintiff was not qualified to be a Review Appraiser since he did not have the required State Certification. That Mr. Richardson was also not a state certified appraiser is irrelevant since he was put in the position as a planner, not an appraiser. Additionally, Mr. Richardson was not promoted. He made a lateral move to the position. Plaintiff simply cannot meet the second and fourth prong of the test, so he has not made out a *prima facie* case for discrimination.

**3. Rehabilitation/Americans With Disabilities Act**

Plaintiff also makes a claim under the Rehabilitation Act and the Americans With Disabilities Act. In order to succeed under either Act, Plaintiff must show that: (1) he was disabled; (2) he qualified for the job sought; (3) he was subject to adverse employment action; and (4) he was treated less favorably than someone who was not disabled. *See McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000). As noted and analyzed above, Plaintiff cannot meet the second prong of this test.

**V. Conclusion**

Accordingly, and for the reasons outlined above, Defendant's Motion for Summary Judgment is **GRANTED**. All of Plaintiff's claims in this case are **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered contemporaneously with this Order. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 21st day of July 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge

Case 3:05-cv-00346   Document 21   Filed in TXSD on 07/21/06   Page 7 of 7